UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY | : : : : : |
| Plaintiff | : : |
| v. | : Case Number 2:10cv310 : |
| 1400 HAMPTON BLVD, LLC | : : |
| and | : : |
| DOUGLAS SHEPHERD | : : |
| and | : : |
| ALAN G. AND DELORES N. BARTEL, LP | : : : |
| and | : : |
| 1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION, INC | : : : : |
| Defendants | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nationwide Mutual Insurance Company ("Nationwide") states the following as its Complaint for Declaratory Judgment:

1. This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between the Plaintiff and the Defendants.

FILED
JUN 2 5 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

## JURISDICTION

2. This Court has original jurisdiction under 28 U.S.C. §1332. This is a civil action between citizens of different states. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## PARTIES

3. Plaintiff Nationwide is a corporation, organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio. Nationwide is a citizen of the State of Ohio and of no other state.

4. Defendant 1400 Hampton Blvd, LLC ("1400 Hampton") is a Virginia Limited Liability Company with its principal place of business located in Norfolk, Virginia. 1400 Hampton is the named insured on a contract of insurance issued by Nationwide, Policy Number 53 BP 147-036-3001 (the Insurance Contract, which is attached and incorporated by reference as Exhibit A). The Insurance Contract is a Business Provider Liability Coverage policy generally providing coverage for business liability for bodily injury, property damage and personal injury. The Insurance Contract contains an endorsement for Directors and Officers Errors or Omissions Liability, commonly known as "D & O" coverage. 1400 Hampton was registered as a limited liability company on March 22, 2004, and was voluntarily cancelled by its members through a certificate of cancellation on August 19, 2005.

5. Defendants Douglas Shepherd ("Shepherd") and Alan G. and Delores N. Bartel, LP ("Bartel") are the members of 1400 Hampton. As members of 1400 Hampton, Shepherd and Bartel claim rights as the insureds under the D & O endorsement to the Insurance Contract. Shepherd is a natural person residing in the Commonwealth of

Virginia. Bartel is a limited partnership created under the laws of the Commonwealth of Virginia with its principal place of business located in the Commonwealth of Virginia.

6. Defendant 1400 Hampton Boulevard Condominium Association, Inc. is a Corporation organized and existing under the laws of the Commonwealth of Virginia ("the Association"). The Association is the unit owners' association of the 1400 Hampton Boulevard Condominium

## VENUE

7. The venue of this action is based on 28 U.S.C. §1391(a). Jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district in which the Defendants reside, where the Defendants do and have done business, and/or in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF THE CASE

8. 1400 Hampton is the declarant of a condominium known as 1400 Hampton Boulevard Condominium ("the Condominium") located at 1400 Hampton Boulevard, Norfolk, VA.

9. The Condominium is a "conversion condominium" created by the conversion of an existing apartment building to condominium.

10. Pursuant to the conversion of the apartment building to a condominium, 1400 Hampton created and issued a public offering statement dated July 16, 2004, which statement was filed with and approved by the Real Estate Board of the Commonwealth of Virginia. A copy of this public offering statement was given to each purchaser of the condominium units, as required by Virginia law.

11. Pursuant to the Condominium Documents, a condominium unit owners' association was formed, known as 1400 Hampton Boulevard Condominium Association, Inc. ("the Association").

12. On or about October 7, 2008 the Association filed a Complaint in the Circuit Court for the City of Norfolk, Virginia against 1400 Hampton, Shepherd, and Bartel ("the Underlying Action"). A copy of this Complaint is attached hereto as Exhibit B.

13. The Underlying Action states six separate counts seeking relief: Count I - Breach of Statutory Warranty, Count II - Breach of Express Warranty, Count III - Breach of Implied Warranty, Count IV - Negligence, Count V - Constructive Fraud, and Count VI - Misrepresentations/Omissions in the Public Offering Statement.

14. The Insurance Contract states that coverage is provided for directors and officers for losses that they are legally obligated to pay as a result of a civil claim seeking damages for a "wrongful act".

15. The Insurance Contract further provides that coverage is excluded for 'property damage". Property Damage is defined as "damage or loss of use of tangible property".

16. The Insurance Contract defines a "wrongful act" as any actual or alleged "negligent act, negligent error, negligent omission, or negligent breach of duty" by the directors and officers in the discharge of their duties, either individually or collectively.

17. Counts I, II and III of the Underlying Action clearly allege breach of implied or express warranties, do not allege "wrongful acts" as defined in the Insurance Contract, and otherwise are excluded from coverage under the Insurance Contract. In

addition, any breaches of warranties by the insureds occurred prior to the effective date of the policy of August 18, 2004.

18. Although Counts IV, V and VI either use the term "negligence", or purport to describe negligent acts, the losses claimed are for property damage, and are otherwise excluded under the terms of the Insurance Contract. In addition, any acts described in these counts occurred prior to the effective date of the policy of August 18, 2004.

19. Count VI alleges misrepresentation by the directors and officers, and does not allege a negligent act which would be covered under the Insurance Contract. In addition, any misrepresentations by any insured occurred prior to the effective date of the policy of August 18, 2004.

20. The acts or omissions alleged in the Underlying Action concern operations by the 1400 Hampton and its directors and officers as the developer of the building, and the Insurance Contract excludes coverage for such losses caused by the operations of a developer.

21. The Insurance Contract excludes coverage for intentional acts, and to the extent the Underlying Action alleges intentional acts on the part of the directors and officers and 1400 Hampton, losses for such acts are not covered.

22. Any property damage which might have been covered under the Insurance Contract did not occur during the policy period from August 18, 2004 to August 18, 2005, and therefore is not covered under the Insurance Contract.

23. The Insurance Contract excludes coverage for damages relating to asbestos, and to the extent the Underlying Action claims damages as a result of asbestos, there is no coverage under the Insurance Contract.

24. The Insurance Contract generally covers losses which are caused by an "occurrence", and the Underlying Action does not allege an "occurrence", nor was there any "occurrence" which would give rise to coverage under the Insurance Contract.

25. The Defendants are only obligated to pay the damages alleged in the Underlying Action because of their liability under the Declaration as declarants and developers of the property. The Insurance Contract excludes coverage for property damage which the insured is obligated to pay by reason of the assumption of liability in a contract or agreement, such as the declaration.

26. The Insurance Contract does not otherwise provide for coverage for the damages claimed in the Underlying Action.

WHEREFORE, Nationwide seeks judgment against the Defendants, declaring

a) that Nationwide is not obligated to defend any person or entity in the Underlying Action;

b) that Nationwide is not obligated to indemnify and/or pay any sums on behalf of any person or entity for any damages which such person or entity may be legally obligated to pay arising from the Underlying Action or the incidents described therein.

NATIONWIDE MUTUAL INSURANCE COMPANY

By: _____
        Counsel

Wayne F. Cyron, Esquire (Va. Bar No. 12220)
James G. Smalley, Esq. (Va. Bar No. 20292)
Counsel for Nationwide Mutual Insurance Company
CYRON & MILLER, LLP
100 N. Pitt Street
Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
wcyron@cyronmiller.com
jsmalley@cyronmiller.com