UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.    Case No. 2:10cv310

1400 HAMPTON BLVD., LLC, et al.

    Defendants.

---

DOUGLAS SHEPHERD, et al.,

    Plaintiffs,    Case No. 2:10cv343

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.

    Defendants.

## REPORT AND RECOMMENDATION

The Court has before it Nationwide Mutual Insurance Company's ("Nationwide") Motion for Realignment of Parties, (Case No. 2:10cv343, ECF No. 6), and 1400 Hampton Boulevard Condominium Association, Inc.'s ("Association") Motion to Remand (Case No. 2:10cv343, ECF No. 14). These matters were referred to the undersigned United States Magistrate Judge by court order pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court of the Eastern District of Virginia. (Case No. 2:10cv343, ECF No. 37). For the reasons stated herein, the Court recommends that Nationwide's

Motion for Realignment of the Parties be GRANTED and Association's Motion to Remand be DENIED.

## I. **PROCEDURAL HISTORY**

On October 7, 2008, Association filed a Complaint in the Circuit Court for the City of Norfolk against 1400 Hampton Blvd., LLC, along with Douglas Shepherd and Alan G. and Delores N. Bartel, L.P. ("LLC"). This Complaint alleges Breach of Statutory Warranty, Breach of Express Warranty, Breach of Implied Warranty, Negligence, Constructive Fraud, and Misrepresentations/Omissions in the Public Offering Statement. On June 18, 2010, LLC filed an action in the Circuit Court for the City of Norfolk against Nationwide and Association praying for declaratory relief that Nationwide owed a duty to defend and a duty to indemnify LLC with regards to the pending state court action between Association and LLC.

On June 25, 2010, Nationwide filed a declaratory relief action in this Court praying for a judgment that it owed no duty to defend or indemnify LLC with regards to the same pending state action. (Case No. 2:10cv310, ECF No. 1). On July 15, 2010, Nationwide filed a Notice of Removal from the Circuit Court for the City of Norfolk removing the declaratory relief action filed by LLC to this Court. (Case No. 2:10cv343, ECF No. 1). Both actions were consolidated by Order of this Court on October 13, 2010. (Case No. 2:10cv310, ECF No. 39).

On July 28, 2010, Nationwide moved to realign the parties in the removed action and have Association be considered a plaintiff aligned with LLC against Nationwide. (Case No. 2:10cv343, ECF No. 6). On August 10, 2010, Association filed a Motion to Remand the removed action on the basis that the Court lacks subject matter jurisdiction over this matter due to incomplete diversity. (Case No. 2:10cv343, ECF No. 14). Both motions were fully briefed and the Court heard oral argument on October 28, 2010. Wayne F. Cyron and James G. Smalley appeared on behalf of Nationwide. John S. Norris, Jr. appeared on behalf of Association. Randolph Courtland DuVall appeared on behalf of LLC.

## II. MOTION FOR REALIGNMENT

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000.00. Under 28 U.S.C. § 1441(b), actions originally filed in state court may be removed to federal court on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The burden of establishing federal jurisdiction rests upon the party seeking removal. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815 (4th Cir. 2004) (en banc) (citing Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994)).

However, the Court is allowed to realign the parties when

determining whether there actually is diversity jurisdiction in a particular case. Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" Northbrook Nat. Ins. Co. v. Brewer, 493 U.S. 6, 8 n.5 (1989)(citations omitted).

The Fourth Circuit has adopted the "principal purpose test" to assist in the arranging of parties according to their actual side in a dispute. United States Fid. & Guar. Co. v. A & S Manuf. Co., 48 F.3d 131, 133 (4th Cir. 1995). Under the principal purpose test, the court must first determine the primary issue in the controversy. Id. Next, the court should align the parties according to their positions with respect to this primary issue. Id.

### a. Primary Issue in Controversy

"Antagonism between parties should be resolved by the pleadings and the nature of the controversy. The pleadings and the nature of the suit clearly manifest the proper alignment of the dispute." Id. at 134 (citing Smith v. Sperling, 354 U.S. 91, 97 (1957)). In a declaratory relief action requesting judicial determination of an insurer's duties under an insurance contract,

such as the case now before the Court, the primary issue presented in the pleadings is the dispute over an insurer's duty to defend and indemnify. Marsh v. Cincinnati Ins. Co., No. 4:08-cv-2441, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008); Universal Concrete Prod. Corp. v. Peerless Ins. Co., No. CCB-08-00317, 2008 WL 4104171, at *4 (D. Md. Aug. 11, 2008). That is the primary issue addressed in the complaint and the answers to the complaint. It is clear to the Court that a determination of Nationwide's duty to defend and indemnify LLC is the primary issue in controversy for the purposes of determining proper alignment of the parties.

**b. Parties Positions with Respect to Primary Issue in Controversy**

Nationwide and LLC are clearly on opposite sides of this dispute over insurance coverage. Nationwide as the insurer will be opposed to a finding of coverage and LLC will be in support of a finding of coverage. Association is the party which is currently listed as a defendant but must be realigned as a plaintiff if its interests on the primary issue in controversy are the same as LLC and opposed to Nationwide. Association does in fact have a clear interest in favor of a finding of coverage so as to better ensure that any damages they may be awarded in the liability action can be recovered. Marsh, 2008 WL 4614289 at *2; Universal Concrete, 2008 WL 4104171 at *4; Ohio Casualty Ins. Co. v. RLI Ins. Co., No. 1:04CV483, 2005 WL 2574150 (M.D.N.C. Oct. 12, 2005).

Association argues that they should not be realigned as a

plaintiff because there is no affirmative pleading which demonstrates their support for a finding of coverage and because their strategy at trial in the underlying liability action may act to defeat coverage and therefore Association should be considered neutral towards the primary issue in controversy. While Association has not filed a cross-claim against Nationwide as the underlying plaintiffs did in Marsh and Ohio Casualty, Association did file an Answer to the declaratory complaint which states that:

> the Association prays that this Court make a determination that Nationwide owes coverage to [LLC] for the causes of action and claims asserted by the Association in the underlying litigation, without exception or exclusion, as well as a duty to defend [LLC] in that litigation and for such further relief as may be warranted.

(Case No. 2:10cv343, ECF No. 21)

This prayer for relief found in Association's answer clearly demonstrates Association's position in favor of coverage. Further, whether Association pursues the trial strategy of attempting to pierce the corporate veil in the underlying liability action is of no consequence to the issue of determining Association's position as to coverage. Association will almost certainly benefit from a finding of coverage and they will not enjoy any benefit from a finding of no coverage. Therefore, the Court is compelled under the principal purpose test to realign Association as a plaintiff for purposes of determining subject matter jurisdiction.

### III. MOTION TO REMAND

Because the Court has realigned the parties so that Association will be considered a plaintiff for purposes of deciding subject matter jurisdiction, most of the arguments raised in Association's Motion to Remand are moot. It is not required that Association consent to Nationwide's removal of this action to this Court now that Association has been realigned. Liebau v. Columbia Cas. Co., 176 F.Supp. 2d 1236, 1243 (D. Kan. 2001); Smilgin v. New York Life Ins. Co., 854 F.Supp. 464 (S.D. Tex. 1994). Further, there is now complete diversity in this matter because both plaintiffs, LLC and Association, are citizens of Virginia and the defendant, Nationwide, is a citizen of Ohio. Therefore, jurisdiction over this matter is proper in this Court under 28 U.S.C. § 1332. Therefore, Association's Motion to Remand shall be DENIED.

### IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Nationwide's Motion to Realign be GRANTED and Association's Motion to Remand be DENIED.

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and

recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

December 2, 2010