FILED

DEC - 2 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

NATIONWIDE MUTUAL INSURANCE COMPANY,

      Plaintiff,

v.                               Case No. 2:10cv310

1400 HAMPTON BLVD., LLC, et al.

      Defendants.

---

DOUGLAS SHEPHERD, et al.,

      Plaintiffs,                  Case No. 2:10cv343

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.

      Defendants.

## REPORT AND RECOMMENDATION

The Court has before it 1400 Hampton Blvd., LLC, along with Douglas Shepherd and Alan G. and Delores N. Bartel, L.P.'s ("LLC") Motion to Remand, (Case No. 2:10cv343, ECF No. 17), and LLC's Motion to Dismiss. (Case No. 2:10cv310, ECF No. 5). These matters were referred to the undersigned United States Magistrate Judge by court order pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court of the Eastern District of Virginia. (Case No. 2:10cv310, ECF No. 28); (Case No. 2:10cv343, ECF No. 37). For the reasons stated herein, the Court recommends that LLC's Motion to Remand and Motion

to Dismiss be DENIED.

## I. PROCEDURAL HISTORY

On October 7, 2008, 1400 Hampton Boulevard Condominium Association ("Association") filed a Complaint in the Circuit Court for the City of Norfolk against LLC. This Complaint alleges Breach of Statutory Warranty, Breach of Express Warranty, Breach of Implied Warranty, Negligence, Constructive Fraud, and Misrepresentations/Omissions in the Public Offering Statement. On June 18, 2010, LLC filed an action in the Circuit Court for the City of Norfolk against Nationwide Mutual Insurance Company ("Nationwide") and Association praying for declaratory relief that Nationwide owed a duty to defend and a duty to indemnify LLC with regards to the pending state court action between Association and LLC.

On June 25, 2010, Nationwide filed a declaratory relief action in this Court praying for a judgment that it owed no duty to defend or indemnify LLC with regards to the same pending state action. (Case No. 2:10cv310, ECF No. 1). On July 15, 2010, Nationwide filed a Notice of Removal from the Circuit Court for the City of Norfolk removing the declaratory relief action filed by LLC to this Court. (Case No. 2:10cv343, ECF No. 1). Both actions were consolidated by Order of this Court on October 13, 2010. (Case No. 2:10cv310, ECF No. 39).

On July 15, 2010, LLC filed a Motion to Dismiss Nationwide's

action on the grounds that the Court should abstain from deciding the case. (Case No. 2:10cv310, ECF No. 5). On August 11, 2010, LLC filed a Motion to Remand the removed case back to state court on the grounds that the Court should abstain from deciding that case. (Case No. 2:10cv343, ECF No. 17). Both motions were fully briefed and the Court heard oral argument on October 28, 2010. Wayne F. Cyron and James G. Smalley appeared on behalf of Nationwide. John S. Norris, Jr. appeared on behalf of Association. Randolph Courtland DuVall appeared on behalf of LLC.

## II. ABSTENTION UNDER THE DECLARATORY JUDGMENT ACT

The Court has jurisdiction to hear both of these actions pursuant to the Declaratory Judgment Act. That Act provides that in a case or controversy otherwise within the Court's jurisdiction,[1] the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

"[A] declaratory judgment action is appropriate 'when the

---

[1] This Court has subject matter jurisdiction over both declaratory relief actions due to diversity of citizenship under 28 U.S.C. § 1332.

judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and...when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). However, "'considerations of federalism, efficiency, and comity'" will inform a court's decision whether to exercise jurisdiction over a declaratory judgment action. See id. at 257 (quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)).

To determine whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Fourth Circuit has provided four factors to guide the Court in its analysis. These factors include:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting Nautilus Ins., 15 F.3d at 377) (the "Nautilus factors").

### a. State Interest

LLC argues that Virginia's interest in deciding the issues

presented in these declaratory relief cases weighs in favor of this Court abstaining from both cases. LLC contends that Virginia's interest arises because a state has an interest in deciding issues of contract and insurance in its own courts and because these declaratory relief actions raise novel issues of state law. LLC relies heavily on the Fourth Circuit's opinion in Mitcheson v. Harris for its argument that Virginia has a significant interest in hearing both these declaratory relief cases. 955 F.2d 235 (4th Cir. 1992).[2]

The Fourth Circuit has held that a "State's interest is 'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'" Penn-American Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004)(quoting Kapiloff, 155 F.3d at 494). Therefore, for a state's interest to be "compelling" under the Nautilus factors, "the questions of state law must rise to the level of 'difficult, complex, or unsettled.'" American Nat. Property and Cas. Co v. Weese, 862 F.Supp. 297, 300 (S.D. W.Va. 2004)(quoting Nautilus, 15 F.3d at 378)(distinguishing Mitcheson

---

[2] Mitcheson was decided two years before the Fourth Circuit handed down its Nautilus decision setting out the four factor test. Since Mitcheson, the Fourth Circuit has retreated from the holding that a state's interest in deciding a declaratory action is always strong when the declaratory action involves questions of state law. See USF Ins. Co. v. Stowers Trucking, LLC, 684 F.Supp. 2d 786, 790 (S.D. W.Va. 2010). The Fourth Circuit also explicitly stated that "Mitcheson did not announce a per se rule forbidding a federal court to entertain a declaratory judgment action brought to resolve issues of insurance coverage during the pendency of related litigation against the insured in the state courts." Nautilus, 15 F.3d at 376.

because the state law questions raised in <u>Mitcheson</u> were "close, difficult, [and] problematic").

The Fourth Circuit has often noted that deciding a dispute over an insurer's duty to defend does not require resolution of factual or legal issues in the underlying liability action and in determining whether coverage exists, a court need only compare what the underlying complaint alleges with the language of the insurance policy. <u>Coffey</u>, 368 F.3d at 413. "Under Virginia law, an insurer's duty to defend arises 'whenever the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy.'" <u>Id.</u> (quoting <u>Brenner v. Lawyers Title Ins. Corp.</u>, 240 Va. 185, 397 S.E.2d 100, 102 (1990)).

These declaratory relief actions involve identical questions concerning insurance coverage for LLC and whether Nationwide is required to defend LLC in the action pending in state court. Therefore, the only state contract and insurance law necessary for adjudicating both of these declaratory relief actions is encapsulated in what is commonly known as the "Eight Corners Doctrine". <u>See</u> <u>CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 566 F.3d 150, 155 (4th Cir. 2009). There is nothing about the Eight Corners Doctrine which would be characterized as difficult, complex or unsettled in the sense required to weigh in favor of abstaining in favor of state court adjudication.

LLC argued in its briefs and at oral argument that the

liability complaint filed by Association against LLC raises novel claims regarding statutory warranty, negligent misrepresentation, and intentional misrepresentation. LLC asserts that Virginia lacks any case law concerning whether an insurance company is compelled to defend an insured with regards to these specific claims. LLC therefore argues that this will be a case of first impression and that the state interest is high in deciding these issues in state court.

Nearly an identical argument was raised in the Southern District of West Virginia where the party seeking abstention argued that "'[t]he law surrounding the claimed exclusion reveals no reported decision on point, in State or Federal court. As a result, the question is one of first impression in this jurisdiction....'" First Fin. Ins. Co. v. Crossroads Lounge, Inc., 140 F.Supp. 2d 686, 695 (S.D. W.Va. 2001). The district judge rejected this argument as establishing the existence of a novel or difficult issue of state law because,

> [w]hile the West Virginia Supreme Court of Appeals might not have ruled on the meaning and applicability of the precise policy language at issue in the assault and battery exclusion, this Court finds that West Virginia's Supreme Court and the courts of her sister states have provided sufficient guidance in the broader areas of contract interpretation and of the applicability of insurance policy exclusions generally, including whether those exclusions comport with public policy.

Id. at 696.

LLC's argument that this case involves novel and difficult issues of state law fails for the same reason. Even if there is no ruling by the appellate courts of the state of Virginia on the applicability of insurance policies to the exact claims as alleged in the underlying liability complaint, Virginia law has been fully developed as to the interpretation of insurance contracts in order to make coverage determinations.[3]

Therefore, because there is not a strong state interest in deciding the issues presented in these declaratory relief actions and because the state law issues are not difficult or novel, the Court finds that this factor does not weigh in favor of abstention.

### b. Efficiency Concerns

LLC asserts that it would be more efficient to try these declaratory relief actions in state court because it would be more efficient to resolve all litigation stemming from a single controversy in a single court system and because the state court system can better resolve any timing issues presented by an upcoming trial date in the liability action.[4]

LLC's efficiency concerns have no merit. As the Fourth

---

[3] In fact, federal courts have decided cases under the Eight Corners Doctrine where the underlying liability complaint alleged breaches of various warranties and misrepresentations. See Union Ins. Co. v. Williams Contracting Inc., No. 3:05CV75, 2006 WL 1582405, at *6 (W.D. Va. June 2, 2006).

[4] Counsel represented to the Court that the pending liability action in state court, which had previously been scheduled for trial in January, has been stayed pending the outcome of these declaratory relief actions.

Circuit noted in a case analogous to this one, "[b]ecause [insurer] is not a party in the state action and it is not clear under Virginia rules that [insurer] could intervene to have coverage issues decided within the scope of the underlying tort case, dismissing the federal coverage case would not seem to advance any cause of efficiency." Coffey, 368 F.3d at 414. Nationwide is not a party to the action currently pending in the Circuit Court of the City of Norfolk. The state court cannot simply decide these insurance coverage questions because they involve the liability action pending before that court. These declaratory relief actions are separate actions involving different questions of law and fact than the state liability action. Furthermore, the fact that the state action is stayed pending a decision on these insurance coverage questions demonstrates that there are no efficiency concerns involving timing issues with the underlying liability trial.

## c. Unnecessary Entanglement

LLC argued in its opening briefs that due to the rapidly approaching trial date in the underlying liability action, keeping these declaratory relief actions in this Court would necessarily cause an entanglement between the state action and the action in federal court. However, because of counsel's representations at oral argument that the matter in state court has been stayed until the declaratory relief matter is resolved, this concern is no longer warranted.

## d. Procedural Fencing

LLC argues that Nationwide engaged in procedural fencing by filing a declaratory relief action in federal court one week after LLC filed its declaratory relief action in state court. LLC also argues that Nationwide's removal of the LLC's state declaratory relief action to federal court constitutes procedural fencing. Nationwide stated at oral argument that it was not aware of LLC's state declaratory relief action when it filed its action in federal court.

LLC filed its declaratory relief action in state court on June 18, 2010. Nationwide filed its declaratory relief action in federal court on June 25, 2010. Nationwide filed its Notice of Removal, removing LLC's state action to federal court on July 15, 2010. Nationwide's representation that it was not aware of LLC's state action when it filed its complaint in this Court is reasonable. The Fourth Circuit has rejected the contention that merely filing a declaratory relief action in federal court constitutes procedural fencing. Coffey, 368 F.3d at 414. There has been no convincing evidence that Nationwide engaged in any conduct analogous to forum shopping or procedural fencing in this case.

## III. CONCLUSION

Therefore, because none of the four Nautilus factors weigh in favor of abstaining from these declaratory relief actions, the Court FINDS that "a declaratory judgment in this action would

-10-

'clarif[y] and settl[e] the legal relations in issue' and would 'terminate and afford relief from the [coverage] controversy.'" Id. (quoting Quarles, 92 F.3d at 325).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that LLC's Motion to Remand and Motion to Dismiss be DENIED.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn,

474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia

December 2, 2010