UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
DEC -2 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No. 2:10cv310

1400 HAMPTON BLVD., LLC, et al.

    Defendants.

---

DOUGLAS SHEPHERD, et al.,

    Plaintiffs,                 Case No. 2:10cv343

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.

    Defendants.

## REPORT AND RECOMMENDATION

The Court has before it a Motion to Dismiss filed by 1400 Hampton Boulevard Condominium Association ("Association"). (Case No. 2:10cv310, ECF No. 18). The matter was referred to the undersigned United States Magistrate Judge by court order pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court of the Eastern District of Virginia. (Case No. 2:10cv310, ECF No. 28). For the reasons stated herein, the Court recommends that Association's Motion to Dismiss be DENIED.

## I. PROCEDURAL HISTORY

On October 7, 2008, Association filed a Complaint in the Circuit Court for the City of Norfolk against 1400 Hampton Blvd., LLC, along with Douglas Shepherd and Alan G. and Delores N. Bartel, L.P. ("LLC"). This Complaint alleges Breach of Statutory Warranty, Breach of Express Warranty, Breach of Implied Warranty, Negligence, Constructive Fraud, and Misrepresentations/Omissions in the Public Offering Statement. On June 18, 2010, LLC filed an action in the Circuit Court for the City of Norfolk against Nationwide Mutual Insurance Company ("Nationwide") and Association praying for declaratory relief that Nationwide owed a duty to defend and a duty to indemnify LLC with regards to the pending state court action between Association and LLC.

On June 25, 2010, Nationwide filed a declaratory relief action in this Court praying for a judgment that it owed no duty to defend or indemnify LLC with regards to the same pending state action. (Case No. 2:10cv310, ECF No. 1). On July 15, 2010, Nationwide filed a Notice of Removal from the Circuit Court for the City of Norfolk removing the declaratory relief action filed by LLC to this Court. (Case No. 2:10cv343, ECF No. 1). Both actions were consolidated by Order of this Court on October 13, 2010. (Case No. 2:10cv310, ECF No. 39).

On July 29, 2010, Association filed a Motion to Dismiss Nationwide's complaint under Rule 12(b)(6). (Case No. 2:10cv310,

ECF No. 18). The motion was fully briefed and the Court heard oral argument on October 28, 2010. Wayne F. Cyron and James G. Smalley appeared on behalf of Nationwide. John S. Norris, Jr. appeared on behalf of Association. Randolph Courtland DuVall appeared on behalf of LLC.

## II. SUFFICIENCY OF THE COMPLAINT

Association contends that Nationwide has not stated a claim for which relief can be granted because Nationwide did not lay out sufficient factual allegations to satisfy the heightened pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Twombly, the Supreme Court of the United States held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In Iqbal, the Court reaffirmed Twombly, stating that "Twombly expounded the pleading standard for 'all civil actions.'" Iqbal, 129 S.Ct. at 1953.

Association claims that Nationwide's Complaint fails to meet this standard because it states conclusions of law rather than facts. Throughout the Complaint, Nationwide points to claims asserted by Association in the underlying complaint and refers to

the insurance policy to allege that such claims are not covered by that policy. For example, Association objects to Paragraph 20 of the Complaint, which reads, "[t]he acts or omissions alleged in the Underlying Action concern operations by the 1400 Hampton and its directors and officers as the developer of the building, and the Insurance Contract excludes coverage for such losses caused by the operations of a developer." (Case No. 2:10cv310, ECF No. 1).

The Fourth Circuit has recognized that Virginia has adopted the "Eight Corners Rule" in determining whether an insurance policy covers claims alleged in a complaint. CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 155 (4th Cir. 2009). This rule "requires courts to look primarily at the underlying complaints and the insurance policy to determine if there is a potential for coverage." Id. Thus, in this action seeking a declaration of the extent of coverage, the Eight Corners Rule will not require this Court to look beyond the underlying complaint and the insurance policy. Therefore, the pleading of additional facts would be superfluous and Nationwide will not be required to do so.

Even absent the existence of the Eight Corners Rule, the Complaint satisfies the burden imposed by Twombly. That case requires that plaintiffs allege facts that go beyond conclusory statements or recitations of the elements of a cause of action. Twombly, 550 U.S. at 555. Twombly requires that a Complaint establish a claim to relief that is "plausible on its face." Id.

at 570. As this Court has stated, "a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim." Hintz v. Experian Information Solutions, Inc., No. 3:10CV535-HEH, 2010 WL 4025061, at *2 (E.D. Va. Oct. 13, 2010). Nationwide has alleged facts that, if true, would lead to a plausible claim for relief. Nationwide's Complaint asserts that the underlying complaint contains certain causes of action, and that the insurance policy does not provide for those causes of action. These are not conclusory statements, as Association argues. They are factual allegations that may be verified by examining the evidence that Nationwide has submitted, specifically, the underlying complaint and the insurance policy. Such allegations are sufficient under Twombly.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Association's Motion to Dismiss be DENIED.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
December 2, 2010